(No. 903—Claimant awarded $4,273.20.)

EDWARD O'CALLAGHAN AND HENRY O'CALLAGHAN, PARTNERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1925.*

CONTRACT—*when State liable.* Where a contract has been made between claimant and the State for certain work, and the contract is performed by claimant, according to its term, and the contract price is paid, but during the progress of the work the State through its authorized agent orders certain specific work to be performed not stipulated in the contract and such additional work is performed and material furnished for same, claimant is entitled to compensation for such additional material furnished and work performed.

SIMS, WELCH, GODMAN & STRANSKY, for claimant.

OSCAR E. CARLSTROM, Attorney General; George C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Claimants, Edward O'Callaghan and Henry O'Callaghan, partners, doing business under firm name and style of O'Cal-

laghan Brothers, claim $7,192.30 as disclosed by the statement of their claim, and as shown by the evidence.

The claimants are plumbers and contractors, and as such, on to-wit: the 20th day of November, A. D. 1922, entered into a contract with the State of Illinois by its proper officers to do certain work, to-wit: Plumbing for a building shown as the Research and Educational Hospital of the State of Illinois, in Chicago, Illinois, under a contract of $145,600.00. The contract was completed and said contract price paid. However during the progress of the work, the State by its said duly authorized agents ordered other certain specific work performed in addition to that stipulated in the contract, and materials also to be furnished and added by claimants which they did as directed, and for which they charge the State the sum of $7,192.30. This bill was presented to the State's building department and upon an investigation and analysis of same by the proper officers of said department, they admitted the correctness of the claim, less $2,919.10, and agreed that the State should pay them the sum of $4,273.20.

The Attorney General has investigated the matter also and consents to allowance of said last named sum. From the weight of the evidence in the case it seems that claimants are entitled to said sum last aforesaid. The court accordingly awards the claimants the sum of $4,273.20.